UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ERNEST JOYNER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 09-913 (JDB) |
| | ) | |
| TERRY O'BRIEN, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

MEMORANDUM OPINION

Petitioner Ernest Joyner is a prisoner under sentence imposed in 1997 by the Superior Court for the District of Columbia, and currently confined at the United States Penitentiary Lee County in Jonesville, Virginia. He filed a habeas petition challenging his detention on the ground of ineffective assistance of counsel during his 1997 trial.[1] The petition will be dismissed for lack of jurisdiction.

BACKGROUND

Joyner has attacked his 1997 conviction and sentence once by direct criminal appeal and three times by motion under D.C. Code § 23-110. See United States' Opp'n at 2-5; Pet. at 7, 9. In his first § 23-110 motion, Joyner did not allege ineffective assistance of trial counsel. Id. at 3. In the two subsequent § 23-110 motions, Joyner put his 1997 trial counsel's performance directly

---

[1] Joyner expressly states that he is not claiming here that his appellate counsel was ineffective. Pet. at 14 ("At this juncture, it must be noted that Joyner is not alleging ineffective assistance of appellate counsel."); cf. Williams v. Martinez, 586 F.3d 995, 998 (D.C. Cir. 2009) (determining that D.C. Code § 23-110(g) does not divest federal courts of habeas jurisdiction over claims of ineffective assistance of appellate counsel). In his "traverse," but not in his petition, Joyner asserts a claim of actual innocence, but argues only that the evidence at trial was insufficient to support a conviction. See Pet.'s "Traverse" at 4-5.

at issue. *Id.* at 3-6. In each instance, the Superior Court considered his claims and denied relief. *Id.* at 4-6. In each instance, Joyner appealed to the Court of Appeals for the District of Columbia, which considered his claims and affirmed the lower court. *Id.* Joyner was assisted by court-appointed appellate counsel for his direct appeal and for the second of his three § 23-110 motions. *Id.* at 4-5; Pet. at 7.

Joyner alleges in this habeas petition that the trial and appellate courts of the District of Columbia erred when they denied him relief for ineffective assistance of counsel and when they refused to allow discovery on that issue. *See* Pet. at 11-13. He asserts that his trial counsel, Retna M. Pullings, was a drug-user at the time of his trial, and that her use of drugs affected her conduct of his case to his detriment. *Id.* In fact, the public record shows that his trial counsel pled guilty to criminal charges filed in 1999, and that in 2000 she was disbarred with her consent. *In re Pullings,* 753 A.2d 1013 (D.C. 2000). The public record also establishes that Pullings was required to make restitution for mishandling a client's account in or around 1995. *In re Pullings,* 724 A.2d 600 (D.C. 1999); Pet., Ex. A. Joyner asserts, without providing documentary support, that Pullings was indicted on six counts of fraudulent activities occurring between 1994 and 1996, Pet. at 12, and that "at her sentencing, both Pullings and the government asserted that she committed her fraudulent activities due to her drug addiction," Pet. at 13. He argues that the courts erred in denying him discovery on the factual basis for the criminal charges against Pullings. *Id.* at 12. He also contends that both the Superior Court for the District of Columbia and the Court of Appeals for the District of Columbia erred in concluding that Pullings' "drug useage and psychiatric problems occurred well after [Joyner's 1997] trial, in 1999." *Id.* at 11 (quoting *Joyner v. United States,* 818 A.2d 166, 174 (D.C. 2003).

DISCUSSION

Collateral challenges to sentences imposed by the Superior Court must be brought in that court under D.C. Code § 23-110. *See Blair-Bey v. Quick,* 151 F.3d 1036, 1042 (D.C. Cir. 1998) (§ 23-110 is exclusive remedy for such challenges).

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion [under § 23-110] shall not be entertained by . . . any Federal . . . court if it appears . . . that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

D.C. Code § 23-110(g). The record establishes that the Superior Court has denied Joyner relief on his claim of ineffective assistance of trial counsel. Thus, his habeas petition cannot be considered here unless he can show that his remedy by motion under § 23-110 is inadequate or ineffective.

Generally, "[s]ection 23-110 has been found to be adequate and effective because it is coextensive with habeas corpus." *Saleh v. Braxton,* 788 F. Supp. 1232 (D.D.C. 1992); *accord Blair-Bey v. Quick,* 151 F.3d at 1042 (describing § 23-110 remedy as "analogous to 28 U.S.C. § 2255 for prisoners sentenced in D.C. Superior Court who wished to challenge their conviction or sentence.").

> In determining whether the local remedy is 'inadequate or ineffective,' we are guided by judicial interpretations of the statutory provisions enabling federal prisoners to challenge their convictions. The federal and local statutes are nearly identical in language, and functionally they are equivalent. The remedy now available to District of Columbia prisoners was patterned after that conferred upon federal prisoners, and both remedies are commensurate with habeas corpus. That judges of the Superior Court do not have the tenure and salary protection afforded federal judges does not call for a different conclusion. "[T]he judges of the Superior Court of the District of Columbia must be presumed competent to decide all issues, including constitutional issues, that routinely arise in the trial of criminal cases."

*Garris v. Lindsay,* 794 F.2d at 726 (quoting *Swain v. Pressley,* 430 U.S. 372, 382-83 (1977)) (footnotes omitted). It is well-established that the mere denial of relief by the local courts does

not render the local remedy inadequate or ineffective. *See id.* at 727; *Charles v. Chandler,* 180 F.3d 753, 756-58 (6th Cir. 1999) (citing cases); *Wilson v. Office of the Chairperson,* 892 F. Supp. 277, 280 (D.D.C. 1995).

Joyner contends that the local courts based their determinations on a factual error regarding the period during which Pullings was using drugs.  However, whether the courts erred in their conclusion as to when Pullings was using drugs is immaterial to their determination of whether Pullings' performance in her representation of Joyner as a criminal defendant constituted ineffective assistance of counsel.  The point is that the courts of the District of Columbia have determined that Joyner did not show that Pullings' representation prejudiced him at his 1997 trial, regardless of whether she was using drugs at the time.  *See* Pet. at 7-8 ("'Absent a showing of prejudicial ineffectiveness, the cause of counsel's alleged ineffectiveness is irrelevant.'") (quote attributed to trial court).  And there is no basis to conclude that the remedy available there was inadequate.  In short, even assuming that Pullings used drugs in 1994-96, as Joyner alleges, or for the duration of her representation of him in his 1997 trial, the local courts have determined that Joyner has not shown that his trial counsel rendered constitutionally ineffective assistance, and the remedy available to Joyner in those proceedings was adequate.

Hence, Joyner has not shown that the remedy § 23-110 affords is inadequate or ineffective to test the legality of his detention.  Therefore, this Court lacks subject matter jurisdiction over this habeas petition and will dismiss it.  A separate order accompanies this memorandum opinion.

/s/
JOHN D. BATES
Date:  January 15, 2010                    United States District Judge